UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

FILED
OCT 04 2017

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

| | | |
|---|---|---|
| POET NUTRITION, INC., | * | CIV 17-4063 |
| Petitioner, | * | |
| -vs- | * | MEMORANDUM OPINION AND ORDER GRANTING APPLICATION TO CONFIRM ARBITRATION AWARD AND MOTION FOR DEFAULT JUDGMENT |
| AFEC COMMODITIES (SERVICES and SOLUTIONS), INC., | * | |
| Respondent. | * | |

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

Pending before the Court is Petitioner, POET Nutrition, Inc.'s, Motion for Default Judgment against Respondent, AFEC Commodities (Services and Solutions), Inc., for the relief requested in its Application to Confirm Arbitration Award.

POET and AFEC executed a series of contracts for the sale of Dakota Gold Distillers Dried Grains and Solubles ("DDGS") to AFEC by POET. The contracts between POET and AFEC contained provisions requiring that any dispute arising from the contracts be submitted to arbitration and requiring that the arbitration be conducted in accordance with the rules of the National Grain and Feed Association ("NGFA"). After executing the contracts, AFEC failed to perform under the contracts by refusing to accept delivery of DDGS, thereby creating a dispute between the parties. POET commenced arbitration proceedings in accordance with the arbitration provisions of the contracts between the parties.

On June 28, 2016, a hearing was held before NGFA arbitrators where both parties appeared and offered evidence through live testimony. On December 2, 2016, the NGFA arbitrators issued a written decision awarding POET $1,520,876.80 in damages from AFEC ("the Award"). AFEC waived its right to appeal the Award.

On May 2, 2017, POET filed an Application to Confirm Arbitration Award. (Doc. 1.) AFEC was served with the Application on May 19, 2017. (Doc. 7.)

POET requests the following relief: (1) confirmation of the Award made by the National Grain and Feed Association; (2) entry of judgment on the Award in favor of POET and against AFEC for the sum of $1,520,876.80; and (3) costs pursuant to Rule 54(d)(1) of the Federal Rules of Civil Procedure and Local Rule 54.1(B) in the amount of $465.00.

AFEC has not filed or served a response to POET's Application and has not made any formal appearance in this action.[1] On June 26, 2017, POET filed an Motion for Entry of Default. (Doc. 8.) On July 24, 2017, the Clerk of Court filed an Entry of Default in favor of POET and against AFEC and a copy was mailed to the registered agent for AFEC. (Doc. 10.)

On July 25, 2017, POET filed a Motion for Default Judgment. (Doc. 11.) As of the date of this Order, AFEC has failed to answer the Application to Confirm Arbitration Award or the Motion for Default Judgment, or otherwise defend the action as provided by the Federal Rules of Civil Procedure.

Title 9, Section 9 of the United States Code, pursuant to which POET seeks a judgment confirming the arbitration award, provides in pertinent part:

> If the parties in their agreement have agreed that a judgment of the court shall be entered upon the award made pursuant to the arbitration, and shall specify the court, then at any time within one year after the award is made any party to the arbitration may apply to the court so specified for an order confirming the award, and thereupon the court must grant such an order unless the award is vacated, modified, or corrected as prescribed in sections 10 and 11 of this title. If no court is specified in the agreement of the parties, then such application my be made to the United States court in and for the district within which such award was made. Notice of the application

---

[1] By email dated June 7, 2017, AFEC's lawyer represented to POET's lawyer that AFEC will not contest the Application to Confirm Arbitration Award. (Doc. 9-2.)

shall be served upon the adverse party, and thereupon the court shall have jurisdiction of such party as though he had appeared generally in the proceeding.

9 U.S.C. § 9. The requirements imposed under 9 U.S.C. § 9 have all been fulfilled and POET is thus entitled to an order and judgment confirming the arbitration award issued in this matter.

Pursuant to 9 U.S.C. § 9 and Federal Rules of Civil Procedure 55(b)(2), 54(d)(1) and Local Rule 54.1(B), it is hereby ORDERED:

1. That POET's Motion for Default Judgment (Doc. 11) is GRANTED.

2. That the arbitration award of $1,520,876.80 that was issued by the National Grain and Feed Association in this matter is confirmed.

3. POET is awarded costs of $465.00.

Dated this 4th day of October, 2017.

BY THE COURT:

Lawrence L. Piersol
United States District Judge

ATTEST:
JOSEPH HAAS, CLERK

BY: Summer Wahufrt
(SEAL)    DEPUTY

3